**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4369**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MAURICE MONTRAE PARKS,

        Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 19-5330)

Submitted: August 30, 2021               Decided: September 3, 2021

Before WILKINSON, MOTZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Maurice Montrae Parks of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). The district court sentenced Parks to 90 months' imprisonment. We previously affirmed the district court's judgment, rejecting Parks' argument that his prosecution and resulting sentence violated the Double Jeopardy Clause. *United States v. Parks*, 767 F. App'x 509, 510 (4th Cir. 2019) (No. 18-4369). The Supreme Court granted Parks' petition for a writ of certiorari, vacated our judgment, and remanded the case for further consideration in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Parks v. United States*, 140 S. Ct. 98 (2019).

Following a lengthy abeyance, the parties provided supplemental briefs addressing the impact, if any, of *Greer v. United States*, 141 S. Ct. 2090 (2021), on Parks' conviction. The parties now agree that, in light of *Greer*, Parks cannot satisfy the requirements for demonstrating reversible error on his unpreserved *Rehaif* claim.

We find Parks' candid concession on this issue well-taken. Parks can obtain relief on his *Rehaif* challenge only by satisfying the plain error standard. *See id.* at 2096. To establish plain error, Parks must first demonstrate the threshold requirements of (1) an error (2) that is plain and (3) that "affected [his] substantial rights," which generally requires "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1094-05 (2018) (internal quotation marks omitted); *see also Henderson v. United States*, 568 U.S. 266, 269 (2013) (holding that error is "plain" if clear or obvious at time of appellate consideration).

2

Parks' *Rehaif* challenge clearly fails the third prong. Parks stipulated at trial that he was a felon, and nothing in the record suggests that Parks did not understand his felon status at the time he committed the underlying offense conduct. To the contrary, Parks' criminal record included two prior convictions for possessing a firearm as a felon. The jury was presented with evidence that Parks was still serving a supervised release term for his most recent felon-in-possession conviction, a § 922(g) conviction in federal court, when he committed the instant offense conduct. Thus, we easily conclude that Parks cannot meet his "burden of showing that, if the District Court had correctly instructed the jury on the *mens rea* element of a felon-in-possession offense, there is a reasonable probability that he would have been acquitted." *Id.* at 2097 (internal quotation marks omitted).

Accordingly, and for the reasons set forth in our original opinion, *see Parks*, 767 F. App'x at 510, we affirm the criminal judgment. We deny Parks' motion for summary disposition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*